UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| JANE ROE,<br><br>      Plaintiff,<br><br>      v.<br><br>JOHN DOE,<br><br>      Defendant. | Civil Action No. 18-666 (CKK) |

**MEMORANDUM OPINION**
(April 23, 2019)

Defendant "John Doe" moves, once again, for an order permitting him to proceed in this action under pseudonym—this time with the consent of Plaintiff "Jane Roe," and asking that she be granted a pseudonym as well. Defendant also requests retroactive sealing or an alternative treatment of prior proceedings in this matter that would similarly advance the parties' confidentiality interests.

When the Court denied Defendant's first attempt to proceed under pseudonym, the Court recognized its discretion but found that Defendant had not satisfied a five-factor test that sister courts in this Circuit often apply to such requests. *See* Mem. Op., ECF No. 15. Defendant now raises several new or previously undisclosed developments that may affect the exercise of the Court's discretion, including the Court's application of the relevant test.

Upon consideration of Defendant's brief, the relevant legal authorities, and the record as a whole, in an exercise of its discretion the Court shall **GRANT** Defendant's [23] Consent Motion to Proceed Under Pseudonym.

1

# I. BACKGROUND

On several prior occasions, the Court has discussed Plaintiff's allegations and the subsequent proceedings in this matter. *See* Mem. Op., ECF No. 15, at 2; Mem. Op., ECF No. 19, at 1-3. As Defendant summarizes, "[t]he allegations in this matter involve an incident of sexual intercourse between [Plaintiff] and [Defendant] that the former alleged was nonconsensual and the latter maintains was fully consensual." Consent Motion to Proceed Under Pseudonym, ECF No. 23 ("Def.'s Mot."), at 7 (citing Compl, ECF No. 1, ¶¶ 33-41). Of note now, Plaintiff's only remaining claim against Defendant is for sexual assault and battery; the Court dismissed her claim for negligence and gross negligence. Mem. Op., ECF No. 19.

# II. LEGAL STANDARD

"Although it is within the discretion of the district court to grant the 'rare dispensation' of anonymity against the world (but not the plaintiff), even in that situation the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). The D.C. Circuit has indicated that district courts considering requests for pseudonyms should evaluate both the likelihood of any unfairness to the non-movant and the presumption of transparency vis-à-vis the public. *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("customary and constitutionally-embedded presumption of openness in judicial proceedings")).

The D.C. Circuit's *Microsoft* ruling made clear, at the least, "that courts must be prepared to thoroughly analyze motions that would permit parties to remain anonymous throughout the course of litigation." *Doe v. Teti*, No. 1:15-mc-01380, 2015 WL 6689862, at *1 n.1 (D.D.C. Oct.

19, 2015) (citing *Microsoft Corp.*, 56 F.3d 1448). In the absence of a detailed standard from the D.C. Circuit, courts in this Circuit have often deployed the following test articulated in the Fourth Circuit's *James* decision, which the *Microsoft* Court cited approvingly:

> [1] [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238; *see also, e.g.*, *Yacovelli v. Moeser*, No. 02-596, 2004 WL 1144183, at *6 (M.D.N.C. May 20, 2004) (quoting *James*, 6 F.3d at 238); *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (citing *Yacovelli*, No. 02-596, 2004 WL 1144183, at *6-*8); *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (quoting *Chao*, 587 F. Supp. 2d at 99). "No single factor is necessarily determinative; a court 'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the [movant's] identity should yield' to the [movant's] request for anonymity." *Teti*, No. 1:15-mc-01380, 2015 WL 6689862, at *2 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (discussing Fifth Circuit's standard in *Stegall*)).

"Pseudonymous litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005).

### III. DISCUSSION

Defendant does not contest the Court's decision to apply the *James* test to his previous motion to proceed under pseudonym. Rather, he argues that several developments should affect the outcome of that test. Defendant also takes the opportunity to argue that the Court misapplied

3

several of the *James* factors in the first instance. Rather than revisiting *James in toto*, however, the Court shall focus narrowly on what has changed and how this affects the Court's prior decision.

Defendant's pending motion is premised on three developments: 1) significant negative publicity stemming from allegations in this case; 2) adverse employment consequences of similar origin; and 3) Plaintiff's consent now to the pseudonym.

When the Court previously examined the first *James* factor, Defendant's privacy interest, the Court found that "Defendant offers no basis for his assertion that the media will draw significant attention to this case." Mem. Op., ECF No. 15, at 5-6. But after the Court denied Defendant's request to proceed under pseudonym, Defendant was contacted about the pending sexual assault allegations by a campus publication at the university where he is enrolled. Def.'s Mot. at 2. Shortly thereafter, the university initiated an investigation of those allegations. *Id.* Between the investigation and Defendant's subsequent court case to stop it, the allegations drew significant further media attention. *Id.* at 2-3.

Until this motion was filed, the Court was not aware of any of these developments. There is no evidence that the media has publicly identified Defendant by name, nor does he argue that the media has publicly identified and connected this lawsuit with the investigation into him or with his lawsuit against his university. But the prospect of such identification is now heightened, particularly because the media determined that this jurisdiction is the likely location of the incident. *Id.* at 3.

As for a further plank of the Court's prior logic, evidently the District of Columbia Department of Forensic Sciences incident report identifying Defendant is generally inaccessible, reducing the likelihood that an interested third party could make this end run around a pseudonym. *Id.* at 9; *see* Mem. Op., ECF No. 15, at 5.

4

The Court previously observed disagreement between courts in this jurisdiction as to whether sexual harassment proceedings warrant a pseudonym. Mem. Op., ECF No. 15, at 4-5 (collecting cases). Those decisions are not binding on this Court, nor are they directly on point, for they involve plaintiff-movants, rather than defendant-movants. In any case, the Court is now persuaded that the substantial negative media attention to the underlying events in this case significantly heightens Defendant's privacy interest in proceeding under pseudonym.

Defendant also points to adverse employment consequences to support his argument that the Court should revise its assessment of the second *James* factor, namely the risk of retaliatory mental or physical harm to Defendant or non-parties. Evidently Defendant's conditional acceptance into a highly competitive internship program was rescinded during the background investigation—after Defendant disclosed this pending lawsuit and his counsel discussed it with the prospective employer's counsel. Def.'s Mot. at 4. But the internship offer was withdrawn *months before* the Court's decision denying the pseudonym—and even before the parties finished briefing Defendant's motion seeking that treatment. Defendant had sufficient time to bring this example to the Court's attention.

Turning, nevertheless, to the merits of the rescinded internship offer, the Court rejects Defendant's efforts to shoehorn this adverse consequence into the second *James* factor. While noteworthy, the denial of an internship is an economic or perhaps educational harm, rather than a "retaliatory physical or mental harm" that rises to the level necessary to justify a pseudonym. *See* Mem. Op., ECF No. 15, at 6-7 (collecting cases). Nor has Defendant identified anything to suggest that "psychological damage or violent threats are anticipated"—or have occurred—as a result of proceedings without a pseudonym. Mem. Op., ECF No. 15, at 6 (quoting *J.W. v. District of*

*Columbia*, 318 F.R.D. 196, 200 (D.D.C. 2016)) (internal quotation marks omitted). This factor once more weighs against granting Defendant's motion.

Three *James* factors remain. Defendant again prevails as to the fifth factor—the risk of unfairness to Plaintiff's case—because he "is already known to Plaintiff," and accordingly "she may adequately move forward with the litigation even if Defendant were pseudonymous." *Id.* at 11. As for the fourth factor, an action between private parties, the Court is now less concerned. Plaintiff's consent to Defendant's request for both parties to proceed under pseudonym addresses several of the Court's qualms: no longer would Plaintiff alone bear the risk of reputational harm if only Defendant were pseudonymized—over her objection. *See id.* at 8-11. That leaves the third factor, regarding the parties' ages, where the Court previously ruled against Defendant, despite a potentially "closer call." *Id.* at 7-8. But the fact that the pending motion now seeks to protect the identities of *both* parties, *both* of whom are young, shifts the balance closer to equipoise, if not the movant's favor.

***

Whereas the *James* factors previously weighed against Defendant, changed circumstances have shifted the balance. The Court also takes into consideration Defendant's representation that the "parties[ ] desire to settle this matter and move on." Def.'s Mot. at 1. Settlement discussions may be facilitated by concealment of the parties' identities in this action. In an exercise of its discretion, therefore, the Court shall permit Defendant, as well as Plaintiff, to proceed pseudonymously in this action, for the parties to this action are entitled to "the 'rare dispensation' of anonymity against the world." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238).

### IV. CONCLUSION

For the foregoing reasons, in an exercise of the Court's discretion the Court **GRANTS** Defendant's [23] Consent Motion to Proceed Under Pseudonym.

Both Defendant and Plaintiff shall proceed under pseudonym in the case caption and body of all further filings in this action.

The Clerk of the Court shall **SEAL** all prior proceedings in this action pending further Order of this Court.

The Court must take an additional step to ascertain how the prior proceedings shall be accessed by the public. By no later than **MAY 7, 2019**, the parties shall jointly notify the Court of any and all prior filings, Minute Orders, Orders, and/or Memorandum Opinions that require substitution of the parties' pseudonyms for their names and/or redaction of the parties' confidential information. The parties shall attach a version of each document that makes the substitutions and/or redactions, as appropriate. If a given document requires only substitution of the pseudonyms, then the parties do not need to justify their edits. If a given document requires substitution of the pseudonyms *and* redaction of the parties' confidential information, then the parties shall address the standard under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), for sealing the original versions of those documents based on the specific confidential information that the parties propose redacting. The unredacted versions shall remain under seal, while the redacted versions shall be available to the public. Documents that are not identified by the parties as requiring substitution of the parties' pseudonyms and/or redaction of the parties' confidential information shall be unsealed.

An appropriate Order accompanies this Memorandum Opinion.

Dated: April 23, 2019

                                                                                      /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge