UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROE, on Behalf of His Minor Daughter J.R. <br><br> **Plaintiff,** <br><br> v. <br><br> JOHN DOE <br><br> **Defendant.** | : <br> : <br> : <br> : <br> : Case No. _____ <br> : <br> : <br> : <br> : |

**COMPLAINT FOR DAMAGES**
(Negligence; Gross Negligence; Battery)

Plaintiff, James Roe, on behalf of J.R., His Minor Daughter, by and through his attorneys, Patrick M. Regan, Paul J. Cornoni, Christopher J. Regan and the law firm of Regan Zambri & Long, PLLC, respectfully demands judgment against Defendant John Doe on the grounds and in the amount set forth below:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of parties.

2. The Court is a proper venue for this action under 28 U.S.C. 1391(b)(2) because the acts out of which the action arose occurred in the District of Columbia.

## PARTIES

3. Plaintiff James Roe is and was at all times relevant herin an adult resident of the State of California, and is the father of J.R., a minor.

4. J.R., a minor, is and was at all times relevant herein a resident of the State of California.

5. Upon information and belief, Defendant John Doe is and was at all times relevant herein an adult resident of the state of Delaware.

## FACTS

6. In ▮▮▮▮ 2017, J.R., a rising high school senior, was spending the summer in the District of Columbia in order to intern for a member of the United States Congress.

7. J.R. secured summer housing through an organization (Washington Intern Student Housing, aka "WISH") that arranges affordable, furnished housing for students interning in the District of Columbia.

8. Through WISH, J.R. was paired with three roommates for the summer, all of whom were strangers to her at the beginning of the summer, all of whom were 21 years old.

9. Together, they lived in an apartment located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

10. Upon information and belief, Defendant John Doe, then a rising college sophomore, was also living in the District of Columbia for the summer of 2017.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

11. On ▮▮▮▮ 2017, two of J.R.'s roommates invited summer acquaintances over to the shared apartment in order to "pregame" by drinking alcohol before eventually going out for the evening.

12. Because she was only 17, J.R. knew she would not be able to join everyone at the club that was the intended destination; nonetheless, she decided to hang out with everyone at the apartment.

13. When the guests arrived, J.R. mingled with them and played drinking games at the apartment.

14. During this time, J.R. met Defendant Doe for the first time.

15. Defendant Doe played drinking games and consumed alcohol at the apartment, as well.

16. Defendant Doe requested that J.R. give him her phone number, which she did.

17. As the night wore on, J.R. became increasingly—and very visibly—intoxicated.

18. As the party guests prepared to leave the apartment in order to go out as planned, J.R. said goodbye and made herself comfortable in the apartment, planning to order food and watch TV.

19. Once J.R. believed all of the guests had left, she went to use the restroom, at which point she found the bathroom door to be closed, with somebody inside.

20. Soon thereafter, Defendant Doe emerged from the bathroom.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

21. J.R. told Defendant Doe that she believed a group of people were still just outside the apartment and encouraged him to hurry out the door and catch them.

22. Defendant Doe declined to do so; instead, he sat down in a chair next to J.R.

23. J.R. again urged Defendant Doe to leave.

24. Defendant Doe again refused to do so; instead, he pressured J.R. to finish a bottle of tequila that was sitting nearby.

25. J.R. tried to take a small sip in an effort to placate Defendant Doe; he pushed the bottle back into her hands and told her to "do better."

26. J.R. again tried to placate him with a small sip; he again pushed the bottle back into her hands and told her to "do better."

27. Hoping that it would make him leave her alone, J.R. finished what remained in the bottle.

28. Shortly thereafter, J.R. began to slip in and out of consciousness.

29. As J.R. slipped in and out of consciousness, Defendant Doe carried her to the bedroom, where he proceeded to force sexual intercourse upon her without her consent.

30. When she at one point came to and realized what was happening, J.R. screamed, in pain and fear, at the top of her lungs.

31. Eventually—but not immediately—Defendant Doe stopped.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

32. As a result of Defendant Doe's unconsented physical contact, J.R. has sustained severe physical pain and emotional anguish, depression, and humiliation.

## COUNT I
**(Sexual Assault & Battery)**

33. Plaintiff incorporates by reference the foregoing paragraphs.

34. Plaintiff further alleges that Defendant Doe, over the course of his attack on J.R., intentionally acted to create in J.R. the apprehension of an imminent harmful and offensive contact with her person.

35. By sexually assaulting her, Defendant Doe succeeded in causing such harmful and offensive conduct.

36. By sexually assaulting and battering J.R., Defendant Doe violated the dignity of her person and caused her severe physical pain, emotional anguish, and the other injuries and damages set forth in Paragraph 31.

WHEREFORE, Plaintiff, on behalf of His Minor Daughter J.R., demands judgment in the form of compensatory damages against Defendant, John Doe, in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

WHEREFORE, Plaintiff, on behalf of His Minor Daughter J.R., demands judgment in the form of punitive damages against Defendant, John Doe, in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT II
### (Negligence & Gross Negligence)

37. Plaintiff incorporates by reference the foregoing paragraphs and alleges in the alternative as follows:

38. Even if Defendant Doe was at the time of the violation too intoxicated to formulate intent, he nonetheless owed J.R. a duty of ordinary care.

39. Through his actions on the night of ███, 2017, Defendant Doe breached this duty.

40. Defendant Doe's conduct on the night in question amounted to an extreme deviation from the ordinary standard of care and evinced wanton, willful, and reckless disregard or conscious indifference for the rights and safety of J.R. As such, Defendant Doe was grossly negligent under District of Columbia law.

41. As a direct and proximate result of the Defendant Doe's negligent and/or grossly negligent unconsented physical contact, minor Plaintiff J.R. has sustained numerous physical injuries, as well as pain and mental anguish, and has incurred medical expenses and other damages.

WHEREFORE, Plaintiff, on behalf of His Minor Daughter J.R. demands judgment in the form of compensatory damages against Defendant John Doe, in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## JURY TRIAL DEMAND

Plaintiff demand a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

REGAN ZAMBRI & LONG

By: /s/ *Patrick M. Regan*
Patrick M. Regan     #336107
pregan@reganfirm.com
Christopher J. Regan   #1018148
cregan@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*