UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE ROE<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Civil Action No. 18-666 (CKK) |

**MEMORANDUM OPINION**
(August 9, 2018)

Defendant John Doe requests leave to proceed pseudonymously in a civil case against him for alleged sexual assault and related claims. Plaintiff Jane Roe opposes this motion. Although the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has not expressly adopted a test for evaluating such a request, courts in this Circuit have often applied a five-factor test in cases involving plaintiffs' motions to proceed under pseudonyms. The Court finds no reason not to apply this test to such a motion by Defendant, who nevertheless is unable to prevail. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, in an exercise of the Court's discretion, the Court shall **DENY** Defendant's [6] Motion to Proceed Under Pseudonym.

---

[1] The Court's consideration has focused on the following documents:

- Def.'s Mot. to Proceed Under Pseudonym, ECF No. 6 ("Def.'s Mot.");
- Pl.'s Mem. of P&A in Opp'n to Def.'s Mot. to Proceed Under Pseudonym, ECF No. 7 ("Pl.'s Opp'n");
- Def.'s Reply in Supp. of Def.'s Mot. to Proceed Under Pseudonym, ECF No. 8 ("Def.'s Reply"); and
- Def.'s Notice of Suppl. Auth. in Supp. of Def.'s Mot. to Proceed Under Pseudonym, ECF No. 10 ("Def.'s Notice").

1

## I. BACKGROUND

The Court shall draw on the allegations in the [1] Complaint for the few factual details pertinent to this motion. During the summer of 2017, Plaintiff, then a seventeen-year-old rising high school senior, worked as an intern in the District of Columbia. Compl., ECF No. 1, ¶¶ 6, 12. Defendant, then a rising college sophomore, also lived in the District at the time. *Id.* ¶ 10. On ███ 2017, Plaintiff met Defendant, who had been invited to Plaintiff's apartment by her roommates. *Id.* ¶¶ 11, 14. At the end of an evening of drinking games with other guests, Defendant allegedly pressured Plaintiff to drink further alcohol and allegedly carried her to a bedroom in her apartment, where he allegedly engaged in sexual intercourse with her without her consent. *Id.* ¶¶ 11, 13, 15, 17, 24-31.

On Plaintiff's behalf, her father brought this action against Defendant, seeking damages for allegations of 1) sexual assault and battery, and 2) negligence and gross negligence. *Id.* ¶¶ 33-41. Plaintiff has since attained the age of majority and has been substituted for her father as the real party in interest in this case. *See* Min. Order of Aug. 9, 2018.

Defendant has sought to proceed in this case under pseudonym, which the Court instructed the parties to brief. Def.'s Mot.; Min. Order of May 7, 2018. Upon the conclusion of briefing, the Court held a teleconference on the record on June 14, 2018, in order to gather further information pertinent to Defendant's motion. Min. Order of June 14, 2018. Of note, Plaintiff's counsel indicated that there is a report prepared by the District of Columbia Department of Forensic Sciences that identifies the parties by name. Defendant's counsel represented that although Defendant was again living and working as a summer intern in the District of Columbia at the time of the teleconference, he does not attend college in the District.

## II. LEGAL STANDARD

"Although it is within the discretion of the district court to grant the 'rare dispensation' of anonymity against the world (but not the plaintiff), even in that situation the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). The D.C. Circuit has indicated that district courts considering requests for pseudonyms should evaluate both the likelihood of any unfairness to the non-movant and the presumption of transparency vis-à-vis the public. *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("customary and constitutionally-embedded presumption of openness in judicial proceedings")).

The D.C. Circuit's *Microsoft* ruling made clear, at the least, "that courts must be prepared to thoroughly analyze motions that would permit parties to remain anonymous throughout the course of litigation." *Doe v. Teti*, No. 1:15-mc-01380, 2015 WL 6689862, at *1 n.1 (D.D.C. Oct. 19, 2015) (citing *Microsoft Corp.*, 56 F.3d 1448). In the absence of a detailed standard from the D.C. Circuit, courts in this Circuit have often deployed the following test articulated in the Fourth Circuit's *James* decision, which the *Microsoft* Court had cited approvingly:

> [1] [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238; *see also, e.g.*, *Yacovelli v. Moeser*, No. 02-596, 2004 WL 1144183, at *6 (M.D.N.C. May 20, 2004) (quoting *James*, 6 F.3d at 238); *Nat'l Ass'n of Waterfront Emp'rs v.*

3

*Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (citing *Yacovelli*, No. 02-596, 2004 WL 1144183, at *6-8); *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (quoting *Chao*, 587 F. Supp. 2d at 99). "No single factor is necessarily determinative; a court 'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the [movant's] identity should yield' to the [movant's] request for anonymity." *Teti*, No. 1:15-mc-01380, 2015 WL 6689862, at *2 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (discussing Fifth Circuit's standard in *Stegall*)).

"Pseudonymous litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005).

### III. DISCUSSION

This Court shall join others in this Circuit that apply the five-factor *James* test. The *James* factors reflect the high standard for granting anonymity and account for the fairness and transparency considerations that the D.C. Circuit requires. Application of these factors to the present case shall demonstrate that Defendant has not discharged his burden to establish a "legitimate basis" for proceeding pseudonymously. *Id.*

**A. Defendant's Privacy Interest**

As to the first *James* factor, Defendant urges that a pseudonym is warranted based on the "extraordinarily private and sensitive nature" of the allegations, for they involve the "private sexual lives" of the parties. Def.'s Mot. at 1, 4. At least historically, courts have found that "[m]atters of a sensitive and highly personal nature include those dealing with birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Chao*, 587 F. Supp. 2d at 99 n.8 (citing *Wynne & Jaffe*, 599 F.2d at 712-13). Courts in this Circuit

4

have split regarding whether plaintiff-victims, as opposed to defendants, in alleged sexual assault cases satisfy this factor. *Compare Bernabei & Wachtel PLLC*, 85 F. Supp. 3d at 96-97 ("Sexual harassment is not typically considered a matter so highly personal as to warrant proceeding by pseudonym."), *with Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."), *and Doe v. De Amigos, LLC*, No. 11-1755, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("The Court agrees with plaintiff that the information about the sexual assault at issue in this case is a matter of a sensitive and highly personal nature in which she seeks to preserve a legitimate privacy interest."). But the Court need not decide whether Defendant's, as opposed to Plaintiff-alleged victim's, privacy interest warrants proceeding pseudonymously based purely on the nature of the alleged sexual assault and related claims.

Notwithstanding the type of allegations, certain facts in this case diminish Defendant's privacy interest in proceeding under pseudonym. First, according to Plaintiff's counsel, the incident report prepared by the District of Columbia Department of Forensic Sciences identifies by name both Plaintiff and Defendant. The Court presumes that this report is accessible. Allowing Defendant to proceed under pseudonym would protect only a weak privacy interest, as anyone seeking to discover Defendant's identity need only locate the incident report for the alleged assault against Plaintiff.

Second, Defendant's residence in the District of Columbia is only temporary. Defendant's fears that the allegations will be stigmatizing or that he will be publicly labeled a sex offender are unlikely to materialize because he is not a long-term member of the community in which this incident occurred and is being litigated. *See* Def.'s Mot. at 4. Defendant offers no basis for his

assertion that the media will draw significant attention to this case. *See id.* at 5 (alleging in support of second factor that this case is "likely to garner national media attention"). Perhaps that would be more likely if this case involved an alleged sexual assault by one college student against another who is enrolled in the same institution. Absent media attention, it is unlikely that a member of the public would search the Electronic Case Filing system in order to obtain information about this action. Consequently, it is not likely that Defendant will be subject to reputational damage attributable only to his naming in this action. The temporary nature of Defendant's residence in the District of Columbia accordingly weakens any privacy interest he may have, weighing against his need for a pseudonym.

**B. Risk of Retaliatory Mental or Physical Harm to Defendant or Non-Parties**

Defendant has not shown that he will be subject to any plausible risk of retaliatory physical or mental harm should the Court deny his motion. Moreover, the Complaint does not identify any non-parties who may risk such harm. "Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage or violent threats are anticipated if a party's identity is disclosed." *J.W. v. District of Columbia*, 318 F.R.D. 196, 200 (D.D.C. 2016) (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1318 (11th Cir. 2011); *Stegall*, 653 F.2d at 186); *see also, e.g.*, *Doe v. U.S. Dep't of State*, No. 15-cv-01971, 2015 WL 9647660, at *1, *3 (D.D.C. Nov. 3, 2015) (identifying threats of physical harm, potentially death, to Iraqi movant who assisted U.S. efforts in that country). "Mere 'embarrassment and harassment' is 'insufficient to demonstrate' the sort of 'retaliatory harm' necessary to satisfy [a] showing [of retaliatory physical or mental harm]." *J.W.*, 318 F.R.D. at 200 (quoting *Yacovelli*, No. 02–596, 2004 WL 1144183, at *7). Defendant offers little more than conclusory references to "threats, harassment, and intimidation" in campus sexual misconduct cases that purportedly are "likely"

6

here too if this case attracts significant media attention. Def.'s Mot. at 5; *see also id.* at 7 (arguing that he is "likely to experience substantial retaliation from members of the public"). But in its analysis above, this Court already rejected the prospect of such significant media attention as unlikely. *See also Teti*, No. 15-mc-01380, 2015 WL 6689862, at *3 (finding second factor unmet where alleged reputational harms were only "speculative").

In support of a different *James* factor, Defendant argues that a pseudonym would protect his reputation with "employers and admissions officers as [he] applies to jobs and graduate schools after graduation." Def.'s Mot. at 6. But this interest is best understood as an economic one. And "a threat of economic harm alone does not generally permit a court to let litigants proceeds [sic] under pseudonym." *Qualls*, 228 F.R.D. at 12 (citing *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000); *Wynne & Jaffe*, 599 F.2d at 710). If an economic harm is to justify a pseudonym, the movant must allege more than the "typical methods by which employers retaliate against employees who assert their legal rights," such as "threats of termination and blacklisting," and must instead encompass a risk of "extraordinary retaliation, such as deportation, arrest, and imprisonment," in which instance a threat of physical injury need not also be alleged. *Advanced Textile Corp.*, 214 F.3d at 1070-71 (citing *Wynne & Jaffe*, 599 F.2d at 713).

Without anything to suggest that this case is likely to attract the kind of attention that could generate retaliatory physical or mental harms to Defendant, this second factor also weighs against allowing Defendant to proceed pseudonymously.

C. **Defendant's Age**

Defendant was more than eighteen-years-old at the time of the incident. Courts in this Circuit have recognized that the third *James* factor militates against proceeding pseudonymously when the movant is an adult. *See, e.g.*, *Bernabei & Wachtel PLLC*, 85 F. Supp. 3d at 96 (D.D.C.

2015); *Cabrera*, 307 F.R.D. at 7-8.  Defendant argues that as a college sophomore at the time of his motion, he should be entitled to the deference that the "immaturity of adolescence" warrants. Def.'s Mot. at 6 (quoting *Yacovelli*, No. 02–596, 2004 WL 1144183, at *8) (internal quotation marks omitted); *see also De Amigos, LLC*, No. 11-1755, 2012 WL 13047579, at *2 (finding that movant, as young college student, "may be more susceptible to scrutiny from peers than an older adult would be").  In the Court's view, this factor concerns a protected status that is generally reserved to those who have not attained the age of majority.  *See, e.g.*, Fed. R. Civ. P. 5.2(a) & (a)(3) (providing for redaction in court filings of "the name of an individual known to be a minor" to include only "the minor's initials").  The *James* Court articulated this factor presumably because of the heightened privacy interests of the minor children in that case who had not yet been told of the identity of the sperm donor by whom they may have been fraudulently conceived.  *See James*, 6 F.3d at 235, 238-39 (citing, e.g., *Stegall*, 653 F.2d at 185-86 (observing the "special vulnerability of these child-plaintiffs" in analysis of "gravity of danger posed by the threats of retaliation against the Does [i.e., mother and children] for filing this lawsuit")).  A young person who has attained legal adulthood may have room to grow in maturity, but still he has surpassed the age at which protected status is typically accorded.  While this factor is perhaps a closer call than some of the others, it remains Defendant's burden to persuade the Court, and he does not do so as to this factor either.

### D.  Action Between Private Parties

That this action is between private parties also arguably weighs against allowing Defendant to proceed under pseudonym.  The fourth factor is somewhat difficult to apply to Defendant's motion, however, as precedent cases often frame it in terms of plaintiff-movants.

For example, other courts in this Circuit have recognized that "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Chao*, 587 F. Supp. 2d at 99 n.9 (quoting *Yacovelli*, No. 02-596, 2004 WL 1144183, at *8) (second alteration in original) (internal quotation marks omitted); *Teti*, No. 1:15-mc-01380, 2015 WL 6689862, at *3 (reading *Chao* and other precedent to "suggest that the status of a defendant as a governmental party tends to weigh in favor of granting a plaintiff's motion to proceed pseudonymously"). Evidently the rationale traces to the privacy interests possessed by private, human litigants for which the government has no meaningful analogue. *See J.W.*, 318 F.R.D. at 201 ("Courts have concluded that anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing.'" (quoting *Cabrera*, 307 F.R.D. at 8)).

The Court observes that at least some persuasive authority in other jurisdictions supports the view that there is "*more* reason *not* to grant the plaintiff['s] request for anonymity" in a suit between private parties rather than against the government. *Frank*, 951 F.2d at 324 (citing *Wynne & Jaffe*, 599 F.2d at 713). These circuit courts' reasoning is that "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm" that simply has no analogue in a suit against the government. *Id.* at 323-24 (quoting *Wynne & Jaffe*, 599 F.2d at 713) (internal quotation marks omitted). *But see Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) (finding that litigation against governmental entities renders "the public interest in the underlying litigation . . . especially compelling," and accordingly *less* conducive to use of a pseudonym by the non-governmental party). Those courts

that find litigation between private parties ought to preclude pseudonyms refer to the "[b]asic fairness" of requiring plaintiffs to use their actual names if they are going to drag defendants into lawsuits and thereby cause damage to their reputations simply by virtue of suit. *Frank*, 951 F.2d at 324 (quoting *Wynne & Jaffe*, 599 F.2d at 713) (internal quotation marks omitted).

Again, it is Defendant, not Plaintiff, that is moving here for a pseudonym, so the case law does not line up cleanly. However, the Court finds certain principles of the foregoing analysis to be consistent with the fairness and transparency that the D.C. Circuit expects. Just as Plaintiff is proceeding under her own name to vindicate her alleged grievances, evidently unabashed that the litigation may divulge sensitive and personal details of her own, so it would seem fair to require that Defendant do so as well.

This intuition is consistent with other courts that have considered the fourth *James* factor as "stand[ing] at the intersection of the first and fifth factors . . . rather than as a factor warranting independent standing of its own." *U.S. Dep't of State*, No. 15-cv-01971, 2015 WL 9647660, at *3 (citing *Teti*, No. 15-mc-01380, 2015 WL 6689862, at *3). The first and fifth factors are *not* framed in terms that constrain their application beyond cases involving plaintiff-movants. The intersection of the first and fifth factors accordingly pits the Defendant's privacy interest against an evaluation of fairness to Plaintiff.

When the Court approaches the fourth *James* factor in this way, Defendant again cannot carry his burden. Should Defendant be permitted to proceed pseudonymously, Plaintiff may unfairly be required to bear any criticism that those who bring allegations of sexual assault may attract while Defendant "would be allowed to hide behind a cloak of anonymity." *De Amigos, LLC*, No. 11-1755, 2012 WL 13047579, at *3. Such reputational damage to Plaintiff would not be at issue if Plaintiff were a governmental entity. Because Plaintiff is a private party with privacy

interests of her own, the fourth factor arguably weighs against permitting Defendant to proceed pseudonymously.

Where a movant seeks unsuccessfully to proceed pseudonymously, but nevertheless has reason to anticipate injury to reputation were documents exposed during the course of litigation, a protective order may serve the same goal at an appropriate time in the litigation. *See Teti*, No. 1:15-mc-01380, 2015 WL 6689862, at *4 (deeming "fear of injury [to be] premature" under fourth factor given opportunity for protective order later in litigation). Both Defendant and Plaintiff, of course, could avail themselves of the protections that such an order—if necessary in this litigation—would bring.

**E. Risk of Unfairness to Plaintiff**

The fifth factor is the only one on which Defendant prevails. It is true, as stated above, that Plaintiff has a reputational interest at stake, but the Court shall not double-count this against Defendant. Indeed, other courts in this Circuit have identified a different consideration as more pertinent to the fifth-factor analysis, namely whether the defendant has disclosed his identity to the plaintiff. Defendant here is already known to Plaintiff. Accordingly, there is little risk of unfairness to Plaintiff because she may adequately move forward with the litigation even if Defendant were pseudonymous. *See U.S. Dep't of State*, No. 15-cv-01971, 2015 WL 9647660, at *3 (observing that opposing party was "fully apprised of all relevant information related to [movant]"); *De Amigos, LLC*, No. 11-1755, 2012 WL 13047579, at *3 (finding that opposing party would "not be barred from revealing [movant's] identity during discovery" to third parties, absent a protective order that movant had not requested).

\*\*\*

Although Defendant carries his burden as to the fifth *James* factor, the Court finds that he has not done so as to the other four and accordingly is not entitled to the "'rare dispensation' of anonymity against the world." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238).

### IV. CONCLUSION

For all of the foregoing reasons, in an exercise of the Court's discretion, the Court shall **DENY** Defendant's [6] Motion to Proceed Under Pseudonym.

An appropriate Order accompanies this Memorandum Opinion.

Dated: August 9, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge